**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Whaleco, Inc. )<br><br>v. )<br><br>temuapp.biz, nocdqqe.info, )<br>temu-app.net, fabioduque.com, )<br>grabcodesnow.com, couponsky.net, )<br>icycoupons.com, boujeecoupons.com, )<br>darkycoupons.com, hozubea.com, )<br>qosae.com, temudeals.store, )<br>temucouponcodes.com, rewardspulse.com, )<br>giftcardhero.net, glengog.com, )<br>waferdeal.info, digitalbargainportal.com )<br>greatparcelswiss.com, drywink.com )<br>_____ ) | Case No. 1: 23-cv-15424<br><br>Judge:  Hon. Mary M. Rowland<br><br>Magistrate: Hon. Beth W. Jantz |

**PRELIMINARY INJUNCTION**

Plaintiff, Whaleco, Inc. (d/b/a/ "Temu"), having filed its complaint for Anti-Cybersquatting, Federal Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of Origin, and having moved for a Preliminary Injunction against the Defendants and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

This Court hereby finds that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including the State of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial Internet webstores, through which Illinois residents can purchase products and services the TEMU Marks (U.S. Reg. Nos. 7157165, 7164306, 7157220, and 7145476.) Theses registrations are valid, unrevoked, and uncancelled.

1

This Court further finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO)" should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of violation of the Anti-Cybersquatting Consumer Protection Act and trademark infringement because (1) the TEMU trademarks are distinctive and registered with the U.S. Patent and Trademark Office on the Principal Register; (2) Defendants are not licensed or authorized to use the TEMU trademarks; and, (3) Defendant's use of the TEMU trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the TEMU trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage, and therefore Plaintiff has inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion caused by Defendants' actions.

**It is therefore Ordered:**

1.   Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

      a.   Using the TEMU Marks or any reproduction, counterfeit, copy or colorable imitation of the TEMU Marks for and in connection with any goods or services;

b.  passing off, inducing, or enabling others to sell or pass off any product or service as a genuine Whaleco services or goods which are not Plaintiff's or not produced under the authorization, control or supervision of Whaleco and approved by Plaintiff;

c.  committing any acts calculated to cause consumers to believe that the Infringing Domains or Infringing Websites and services are operated under the authorization, control or supervision of Whaleco, or are sponsored by, approved by, or otherwise connected with Whaleco;

d.  engaging in acts that constitute trademark infringement, counterfeiting, false designation of origin, cybersquatting, or unfair competition that would further damage Plaintiff's goodwill or damage the TEMU Marks;

e.  using the "TEMU" word mark in any domain name, such as <temuapp.biz>, <temu-app.net>, <temudeals.store>, <temucouponcodes.com> (the "Infringing Domains");

f.  using the TEMU Marks on the Infringing Websites or any other website or web page;

g.  effecting any assignment or transfer, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any the prohibitions set forth in this Order.

2.  The Registrars associated with services for the Infringing Domains, including but not limited to GoDaddy or Namecheap shall immediately place the Infringing Domains on registry lock, making the domain names non-transferrable by Defendants and on

registry hold, to prevent the Infringing Domains from resolving when queried by a browser.

3.     GoDaddy or Namecheap shall immediately disable the domain name server information for each of the Infringing Domains and Infringing Websites, rendering the domain names inaccessible.

4.     The Registrars associated with the Infringing Domains and Infringing Websites, including but not limited to GoDaddy and Namecheap, are directed to unmask the registrant's identity and reveal all contact information provided by the registrant in registering the Infringing Domains and Infringing Websites, including, but not limited to, name, physical and email addresses, and phone number(s) and provide the same to Plaintiff in no less than seven (7) business days from the date of service of this Order;

5.     Any Content Delivery Networks ("CDN") providing services shall immediately cease providing services delivering infringing content for the Infringing Domains or Infringing Websites when queried by a browser;

6.     Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate.

7.     Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) domain name registrars; (3) web hosting providers; and (4) content delivery network providers.

8.    This Order shall apply to the Infringing Domains, Infringing Websites, and any other

domain names or websites properly brought to this Court's attention and verified by

sworn affidavit that verifies such new websites or domain names are being used by

Defendants for the purpose of infringing the TEMU Marks at issue in this action

and/or unfairly competing with Plaintiff.

9.    Upon three (3) days written notice Plaintiff or on shorter notice as set by this Court,

any Defendant may, upon proper showing, appear and move to dissolve or modify

this Order upon an appropriate evidentiary showing by Defendant.

10.   The $20,000 bond posted by Plaintiff shall remain with the Court until a final

disposition of this case or until this Preliminary Injunction is terminated.


E N T E R:

Dated: February 5, 2024

_____
MARY M. ROWLAND
United States District Judge